# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0055V
UNPUBLISHED

| | |
|---|---|
| ELLEN RODRIGUEZ,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 28, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 5, 2021, Ellen Rodriguez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Table, after receiving the influenza ("flu") vaccine on November 14, 2018. Petition at 1, ¶¶ 2, 19. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 7, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA injury. On October 28, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $90,968.71, representing compensation in the amounts of $87,500.00 for her pain and suffering and $3,468.71 for her unreimbursed medical expenses. Proffer at 2. In the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $90,968.71, representing compensation in the amounts of $87,500.00 for her pain and suffering and $3,468.71 for her unreimbursable medical expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELLEN RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent. | Case No. 21-55V (ECF)<br>CHIEF SPECIAL MASTER<br>CORCORAN |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I. Procedural History

On January 5, 2021, Ellen Rodriguez ("petitioner") filed a petition for compensation ("Pet.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered from a left shoulder injury related to vaccine administration as a result of an influenza ("flu") vaccine administered on November 14, 2018. Pet. at 1.

On July 11, 2022, the parties filed a Joint Motion for a Ruling on the Record regarding which arm was vaccinated. ECF Doc. No. 26. On August 23, 2022, the Court issued its ruling, finding that petitioner was vaccinated in her left arm. ECF Doc. No. 30 at 6. On September 7, 2022, respondent filed his Rule 4(c) Report, stating that he would not defend entitlement in this case. ECF Doc. No. 33 at 1. That same day, the Court

issued its Ruling on Entitlement, finding that petitioner was entitled to compensation. ECF Doc. No. 34.

## II.  Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers that petitioner should be awarded $90,968.71. The award is comprised of the following: $87,500.00 for pain and suffering and $3,468.71 for unreimbursed medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) regarding her November 14, 2018 flu vaccination. Petitioner agrees.[1]

## III.  Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $90,968.71, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

                                                                       Respectfully submitted,

                                                                       BRIAN M. BOYNTON
                                                                       Principal Deputy Assistant Attorney General

                                                                       C. SALVATORE D'ALESSIO
                                                                       Director
                                                                       Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED: October 28, 2022